537 A.2d 910

Scranton School District, Appellant *v.* Carol Weiss, Appellee.

Argued September 15, 1987, before Judges BARRY and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Thomas D. Brown*, with him, *Edwin A. Abrahamsen* and *Carolyn M. Piccotti, Abrahamsen, Moran, Connolly & Conaboy, P.C.*, for appellant.

*A. Martin Herring, Herring and Donahue*, for appellee.

OPINION BY JUDGE BARRY, February 11, 1988:

Scranton School District (District) appeals from the entry of summary judgment entered in favor of Carol Weiss (appellee) by the Court of Common Pleas of Lackawanna County, which declared that appellee was entitled to a sabbatical leave pursuant to Section 1166 of the Public School Code of 1949 (Code).[1]

Appellee was first employed by the District for the 1974-1975 school year, at which time she taught at the

---

[1] Act of March 30, 1949, P.L. 30, *as amended*, 24 P.S. §1166.

East Scranton Junior High School as a temporary professional employee. During the 1975-1976 school year, she was employed with the School District as a day to day substitute. She remained as an employee of the School District for the 1976-1977 and 1977-1978 school years, working as a permanent substitute teacher, although she started the 1977-1978 school year as a "long term substitute" and was later retroactively reclassified as a "permanent substitute".[2] For the 1978-1979 school year, she continued her teaching career with the School District at the East Scranton Junior High as a regular teacher. She was assigned to the East Scranton Intermediate School for the 1979-1980 school year as a regular teacher and she remained there for the next five school years in that capacity. During this 10 year period of employment with the School District, appellee's service was always determined to be satisfactory.

By letter dated April 9, 1985 and directed to the Manager of Personnel Services of the District, appellee requested a sabbatical leave based on her service with the District. By his letter dated April 22, 1985, the Manager of Personnel Services notified the appellee that her request for a sabbatical leave was being denied because she had only eight of the ten years of service that were required by the Code to be eligible for a sabbatical leave. It was the position of the District that the two years that appellee had been employed as a permanent substitute teacher did not constitute service as a "professional employee or member of the supervisory, instructional or administrative staff" of the District.

---

[2] Under the District's classification scheme, the difference between a "long term substitute" and a "permanent substitute" is basically that a "long term substitute" is paid on a per diem basis. See: Deposition of John F. Vail, October 30, 1985, pp. 11-12.

Appellee then filed a declaratory judgment action against the District, in which she sought a ruling that she was entitled to a sabbatical leave as requested and as authorized by the Code. After the District had filed its answer to appellee's petition for declaratory judgment and a deposition of the Manager of Personnel Services had been taken, appellee filed a motion for summary judgment. On July 31, 1986, Judge JAMES J. WALSH of the Court of Common Pleas of Lackawanna County entered an order granting summary judgment, thereby declaring that appellee was entitled to the sabbatical leave she had requested. This appeal then followed.

A court is directed to enter a summary judgment in favor of a moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa. R.C.P. No. 1035(b). In the present matter, there is no dispute as to the facts concerning the number of school years appellee had been employed by the District or the capacity in which she was employed during each of those school years. The sole issue is one of law; namely whether Section 1166 of the Code is to be construed to require treatment of appellee's years of service with the District in the capacity of a permanent substitute teacher as years of service as a "professional employee or member of the supervisory, instructional or administrative staff" of the District, in determining whether she is entitled to a sabbatical leave.

The issue is one of first impression. Section 1166 of the Code provides, in applicable part, as follows:

Any person employed in the public school system of this Commonwealth who has completed ten (10) years of satisfactory service as a *pro-*

*fessional employe* or member of the supervisory, instructional or administrative staff, . . . , shall be entitled to a leave of absence. . . . At least five consecutive years of such service shall have been in the school district from which leave of absence is sought. . . .

Section 1101(1) of the Code, 24 P.S. §11-1101(1), defines the term "professional employee" to include teachers.

In the present action, the District contends that a year of service as a "substitute" can never constitute one of the ten years of service as a "professional employee" that must be served before one is entitled to a sabbatical leave. Section 1101(2) of the Code, 24 P.S. §11-1101(2), defines the term "substitute" as "any individual who has been employed to perform the duties of a regular professional employe during such period of time as the regular professional employe is absent on sabbatical leave or for other legal cause authorized and approved by the board of school directors or to perform the duties of a temporary professional employe who is absent." This court does not share the District's interpretation of the two definitions. Rather, we believe that, under the appropriate circumstances, such as those presently before us, a year of service as a "substitute" would be a year of service as a "professional employe."

The District places significance on the fact that the legislature provided a separate definition for the term "substitute", viewing this as an indication of the legislature's intent to exclude all substitutes from the class of professional employees. That was not the reason, however, that a separate definition for "substitute" was provided. Rather the purpose was to define to which employees Section 1148 of the Code, 24 P.S. §11-1148, which deals with salary rates of substitute teachers, refers. We note that Section 1166 does not require ten years of service as a *regular* professional employee.

In the present case, the record indicates that, during the two school years that appellee was employed as a permanent substitute; she worked the full school year, filling in for regular teachers who had taken leaves of absence. Furthermore, it indicates that, as a permanent substitute, she was paid in the same manner that regular teachers were paid. That is to say payment of her salary was spread out over 26 bi-weekly pay periods. Given these circumstances, as well as the fact that these two years of service were found to be satisfacory, we must conclude that the two years of service in question must be counted toward the requisite ten years of service as a professional employe before one is entitled to a sabbatical leave. *Cf. Richland Education Association v. Richland Area School District*, 53 Pa. Commonwealth Ct. 367, 418 A.2d 787 (1980) (A determination by an arbitrator that a position of preferred substitute created by a school district is equivalent to that of a full time professional employe under the Public School Code of 1949, and thus within a bargaining unit established for full-time teachers held not to represent an improper expansion of the term "teacher" as used in the collective bargaining agreement and is not improper under provisions of the Public Employe Relations Act).

Therefore, the trial court was correct in declaring that the appellee was entitled to a sabbatical leave based on her ten years of service with the District and, accordingly, its decision is affirmed.

## ORDER

Now, February 11, 1988, the order of the Court of Common Pleas of Lackawanna County, dated July 31, 1986, at No. 85 Civil 3843, is affirmed.